UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GOLDEN TRADE, S.R.L., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.   4:06CV1033 HEA |
| ) | |
| EV. R, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant EV. R. Inc.'s Motion to Dismiss or for More Definite Statement or in the Alternative, to Transfer, [Doc. No. 66]. Plaintiff opposes the motion and the matter has been fully briefed. For the reasons set forth below, the Motion is denied without prejudice.

## Introduction

Defendant EV. R. moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2). Defendant also urges that venue is not proper in the Eastern District of Missouri. In the alternative, Defendant seeks a more definite statement from Plaintiff, arguing that it cannot determine which, if any, of its allegedly infringing items were sold within this district. Finally, assuming the Court determines that it has personal jurisdiction over Defendant, Defendant moves to transfer this matter to the Central District of California under the provisions of 28 U.S.C. § 1404(a).

## Facts and Background

Plaintiff filed this action regarding the alleged infringement of U.S. Patent No. 4,740,213 (the "'213 Patent") on July 7, 2006. Defendant EV. R. was added as a defendant on November 28, 2006. Plaintiff is the owner of the '213 Patent covering a process for fading garments. Plaintiff alleges that in September, 2003, it observed "Skinny Minnie" brand garments being sold at a trade show outside of this district that appeared to be finished with the process of the '213 Patent. Plaintiff sent letters to Skinny Minnie to inquire whether it was interested in a license for use of the Patent. Plaintiff sent another letter to Skinny Minnie regarding the brand "Salvage" which also appeared to be using the '213 Patent process. It received no response other than a telephone call from Seth Gold, counsel for Defendant, in September 2003, during which Mr. Gold inquired as to whether Plaintiff was alleging infringement. Counsel for Plaintiff represented that Plaintiff was not, at that time, alleging infringement.

Plaintiff filed the instant action against the owners of the trademarks Skinny Minnie and Salvage, Evelyn C. Riddle and Eun Young Kim. Plaintiff subsequently determined that Defendant EV. R. is the entity which sells the brands of clothing in question. Riddle and Kim have been dismissed and Defendant EV. R. has been added as a party defendant.

Defendant moves to dismiss for lack of personal jurisdiction arguing that the Court has neither specific nor general jurisdiction over it.[1]

## Discussion

In patent cases, the law of the Federal Circuit Court of Appeals is applied to jurisdictional questions rather than the law of the regional circuit in which the case arises when the issue is "intimately involved with the substance of the patent laws." *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed.Cir. 2001). See also, *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1361 (Fed.Cir. 2006). To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a *prima facie* showing of personal jurisdiction over the defendant. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003).[2] To evaluate whether the plaintiff has made such a showing, the court must view the evidence in the light most favorable to the plaintiff. *Trintec Industries, Inc. v. Pedre Promotional Products, Inc*. 395 F.3d 1275, 1282-83 (Fed.Cir. 2005).

The determination whether a district court has personal jurisdiction over the defendants in a patent infringement case generally involves two inquiries. First,

---

[1] Because the Court must first determine whether personal jurisdiction exists, the Court will not, at this time, consider Defendant's alternative motions.

[2] This standard is that which is utilized in this Circuit as well. See, *Digi-Tel Holdings, Inc. v. Proteq Telecommunications (PTE), Ltd.*, 89 F.3d 519, 522 (8th Cir. 1996).

whether jurisdiction exists under the state long-arm statute. *See, e.g., Silent Drive, Inc.,* 326 F.3d at 1200; *Deprenyl Animal Health, Inc. v. U. of Toronto Innovations,* 297 F.3d 1343, 1349-50 (Fed.Cir. 2002); *Hildebrand v. Steck Mfg. Co.,* 279 F.3d 1351, 1354 (Fed.Cir. 2002); *Inamed,* 249 F.3d at 1359 (Fed.Cir. 2001). Second, if such jurisdiction exists, the exercise of jurisdiction must be consistent with the limitations of the due process clause. *See, e.g., Silent Drive,* 326 F.3d at 1201; *Inamed,* 249 F.3d at 1359-60.

"Sometimes these two inquiries coalesce into one because the reach of the state long-arm statute is the same as the limits of the due process clause, so that the state limitation "collapses into" the due process requirement. *Inamed,* 249 F.3d at 1360." *Trintec Industries, Inc.,* 395 F.3d at 1279.

Missouri courts have construed the state's long-arm statute "to extend the jurisdiction of the courts of [Missouri] over nonresident defendants to the extent permissible under the Due Process Clause of the Fourteenth Amendment." *Clune v. Alimak AB*, 233 F.3d 538, 541 (8th Cir. 2000) (quoting *State v. Pinell*, 454 S.W.2d 889, 892 (Mo. 1970) (en banc)). "Accordingly, Missouri courts have interpreted the statute broadly to cover those cases where the Due Process Clause permits the assertion of personal jurisdiction." *Id.* Because Missouri's long-arm statute permits the assertion of jurisdiction over an out-of-state defendant to the extent permitted by

the Due Process Clause, *Enterprise Rent-a-Car Co. v. Stowell*, 137 F.Supp. 2d 1151, 1155 (E.D. Mo. 2001), see also *Clune*, 233 F.3d at 541; *Wessels, Arnold & Henderson v. National Medical Waste, Inc.*, 65 F.3d 1427, 1431 (8th Cir. 1995), the sole inquiry is whether exercising personal jurisdiction over defendant is within the embrace of federal due process standards. See *3D Systems*, 160 F.3d at 1377.

To satisfy the due process requirement, the plaintiff must demonstrate sufficient "minimum contacts" between the defendant and the forum state so "that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To maintain personal jurisdiction, a defendant's contacts with the forum must be more than "random," fortuitous," or "attenuated." *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Sufficient contacts exist when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). In assessing the defendant's reasonable anticipation, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus involving the benefits and protections of its laws." *Burger King*, 471 U.S. at 475 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253

(1958)).  Jurisdiction is proper where the contacts proximately result from actions by the defendant that create a "substantial connection" with the state.  *Id.*

There are two categories of minimum contacts with a state that may subject a defendant to jurisdiction in that forum, *i.e.*, general and specific. General jurisdiction arises where a defendant "purposefully direct[s]" his activities at residents of the forum.  A court may therefore exercise jurisdiction over a defendant, who has 'continuous and systematic' contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum.  *Inamed Corp.*, 249 F.3d at 1360.  Specific jurisdiction arises when the cause of action "'arises out of or relates to' the defendant's activities with the forum state."  *Id.*  The use of the disjunctive "or" is significant.  *Id.* at 1362.

Both categories of minimum contacts require some act by which the defendant purposely avails himself or herself of the privilege of conducting activities within the forum state, and thus invokes the benefits and protections of its laws.  If a court determines that a defendant has minimum contacts with the forum state, the court must then consider whether the assertion of personal jurisdiction would comport with fair play and substantial justice. *Burger King Corp.*, 471 U.S. at 476; *International Shoe,* 326 U.S. at 320.

Defendant challenges Plaintiff's allegations of the sale of infringing garments

within this district. With respect to sales in 2006, Defendant admits that it has sold 419 styles of garments to retailers in Missouri in 2006. It argues, however, that this amount is so insignificant when compared to its total styles sold in 2006, 1220 styles, and that because only 126 styles were sold to retailers in this district, it is "unlikely" that any allegedly infringing styles were sold within this district. Defendant further argues that, of the listed styles of garments claimed to infringe by Plaintiff, it did not send any of these to Missouri.

Plaintiff contends that the list of infringing items is not exclusive. Furthermore, Plaintiff counters Defendant's argument by presenting evidence that it observed infringing styles at a local department store, and therefore it has presented a *prima facie* showing of specific jurisdiction. Defendant, however, responds by asserting that it in fact sent the garments to a distribution center in Iowa, not to the local department store, and that it has no control over where the items are shipped once the distribution center receives them.

The record before the Court at this time fails to establish that Defendant has "continuous" and "systematic" contacts with the State of Missouri to satisfy "general" minimal contacts. The record simply shows that a portion of Defendant's total sales were to Missouri retailers, but fails to indicate how often the contacts were, *i.e.*, whether it was a single contact with a single retailer or a number of

contacts to various retailers. Thus, the Court cannot at this time ascertain whether Defendant's actions were sufficiently "continuous" and "systematic" such that Defendant could reasonably anticipate having to defend an action in this Court.

Furthermore, while Missouri residents may have access to Defendant's website, Defendant's maintenance of a passive website which is accessible throughout the world does not establish that Defendant purposely directed its actions to the forum state of Missouri, such that it could reasonably anticipate being haled into a Missouri court. *Rudzewicz*, 471 U.S. at 475; *Word-Wide Volkswagen*, 444 U.S. 297. The mere fact that Defendant's website advises potential customers to contact one of its representatives, with nothing more, is insufficient to establish the minimum contacts with Missouri to satisfy the standard set out for this Court to exercise jurisdiction over Defendant. See *Dolphin v. Equibase*, Cause Number 4:02cv487-TCM, *aff'd,* 2003 WL 21076827 *1 (8th Cir. May 13, 2003); *Bell v. Imperial Palace Hotel/Casino, Inc.*, 200 F.Supp2d 1082, 1087-88 (E.D. Mo 2001); *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1349-50 (D.C. Cir. 2000).

While Defendant's website *may* be viewed by Missouri residents, the record does not show the number of times a Missouri resident has accessed the website nor is there any indication in the record that the website was utilized by Missouri

residents to purchase defendant's products. "The difficulty is that [defendant's] website is not directed at customers in [Missouri], but instead is available to all customers throughout the country who have access to the Internet. Thus, 'the ability of [Missouri] residents to access the defendant['s] website. . . does not by itself show any persistent course of conduct by the defendant[] in [Missouri].'" *Trintec*, 395 F.3d at 1281.

As the record stands before the Court, Plaintiff has not established a *prima facie* showing that defendant has sufficient "specific" minimum contacts with the state to satisfy due process. The minimum contacts inquiry for specific jurisdiction focuses on the "relationship among the defendant, the forum and the litigation," *Keeton v. Hustler Magazine, Inc*., 465 U.S. 770, 775 (1984)(citation omitted), and requires "a substantial connection" that "come[s] about by an action of the defendant purposefully directed toward the forum state." *Asahi Metal Ind. Co. v. Super, Ct. of Cal.*, 480 U.S. 102, 112 (1987).

Specific jurisdiction can arise from even a single contact with the forum. *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957). The quantity of contacts is not determinative where specific jurisdiction has been alleged. In this case, however, there has been no showing that any allegedly infringing items were actually sent *by Defendant* into this district. Although plaintiff presents the sale of

certain items at Nordstrom's, Plaintiff has not connected Defendant's actions with the shipment into the State of Missouri, such that it could reasonably anticipate being haled into a Missouri court. *Rudzewicz*, 471 U.S. at 475; *Word-Wide Volkswagen*, 444 U.S. 297.

## Conclusion

The facts upon which Plaintiff relies are too ambiguous to permit the Court to make an informed judgment at this time as to whether Defendant is subject to this Court's jurisdiction. *Trintec*, 395 F.3D at 1281. Plaintiff is, however, entitled to jurisdictional discovery, *id.*, at 1282-83, in order to supplement its allegations of jurisdiction. Plaintiff is therefore granted thirty days from the date of this Order to conduct discovery for the purposes of determining whether Defendant shipped specific items which are allegedly infringing to retailers within this district, or whether Defendant has "continuous" and 'systematic" contacts with the State of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss, [Doc. No. 66], is denied, without prejudice to refiling after the expiration of the said thirty day

jurisdictional discovery period.

Dated this 16th day of April, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE